# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13cv24

| | |
|---|---|
| LINDA CANDLER FENDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TOYS "R" US-DELAWARE, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before the Court are the Motion to Compel [# 8] and Motion for Protective Order [# 12]. Defendant moves to compel Plaintiff to respond fully to its discovery requests. Plaintiff moves for the entry of protective order. Upon a review of the parties' pleadings, the record, and the relevant legal authority, the Court **GRANTS** the Motion to Compel [# 8] and **STRIKES** the Motion for Protective Order [# 12].

## I. Background

This action arises out of an incident at a toy store owned by Defendant where Plaintiff tripped and fell over a metal rack. Plaintiff contends that she suffered injuries from the fall. Plaintiff then filed this action asserting claims for breach of contract and negligence. Plaintiff seeks to recover her lost wages and expenses from medical care resulting from the injuries sustained in the

fall.  It also appears that Plaintiff contends that she is unable to work as a result of these injuries.

Defendant then served Plaintiff with its first set of requests for production of documents.  As part of these requests, Defendant requested copies of Plaintiff's tax returns for the seven years prior to the incident and the returns subsequent to the incident, which occurred on November 7, 2009.  In addition Defendant seeks copies of any applications, claims, and complete files for any social security disability claim she has made.  Plaintiff has refused to produce the documents.  After the parties were unable to resolve this dispute without the Court's intervention, Defendant moved to compel the production of the documents.  In response to the Motion to Compel, Plaintiff filed a short, one page response stating that she would agree to make these documents available for review at her counsel's office.   Plaintiff offers virtually no legal support in response to the Motion to Compel and fails to address the legal arguments made by Defendant in its motion.

**II.     Legal Standard**

Generally speaking, parties are entitled to discovery regarding any non-privileged matter that is relevant to any claim or defense.  Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.  Where a party fails to respond to an interrogatory or a request for production of

documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request. Fed. R. Civ. P. 37(a)(3)(B). "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit . . . have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases); Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D 238, 241 (E.D.N.C. 2010); Billips v. Benco Steel, Inc., No. 5:10cv95, 2011 WL 4005933 (W.D.N.C. Sept. 8, 2011) (Keesler, Mag. J.).

### III. Analysis

### A. Plaintiff's Motion for Protective Order

Approximately one month after Defendant moved to compel the production of the documents at issue, Plaintiff moved for the entry of a protective order. Although not entirely clear from the motion, it appears that Plaintiff seeks the entry of a protective order limiting the disclosure of the documents at issue. The Court, however, need not determine the scope of the order requested because Plaintiff failed to comply with the Local Rules of this Court and file a motion and brief in support of the motion. LCvR 7.1(C). Moreover, it does not appear that Plaintiff has consulted with counsel regarding the entry of a protective order that would

limit the disclosure of confidential or personal information in this case prior to filing this motion, as required by the Local Rules. LCvR 7.1(B). Accordingly, the Court **DIRECTS** the Clerk to **STRIKE** the Motion for Protective Order [# 12] from the record.

    **B.**    **Defendant's Motion to Compel**

Plaintiff fails to respond to the legal arguments raised by Defendant in the Motion to Compel and consents to the production of the documents at issue provided that the documents are produced at counsel's office and additional limitations are placed on the disclosure of said documents. Upon the Court's review of the pleadings in this case and the relevant legal authority, the Court finds that the tax returns and documents related to any social security disability claims are relevant to the issue of damages and Plaintiff's claims that she was unable to work as a result of the fall and is entitled to loss income. The Court is unfamiliar with the restrictions and limitations Plaintiff seeks to impose upon the production of the documents and cannot find that there is any reasonable basis for their imposition. The condition of production requested by the Plaintiff will not be ordered. Accordingly, the Court **GRANTS** the Motion to Compel [# 8] and **DIRECTS** the parties as follows:

    (1)    Plaintiff shall produce all documents responsive to Request for Production No. 3, 24, 31, and 34 within twenty (20) days of the entry

of this Order. Plaintiff shall produce the documents by mailing them to the offices of counsel for Defendant.

(2) Plaintiff may redact any social security number contained on her tax returns.

(3) To the extent that Plaintiff contends that any of the documents that would otherwise be responsive to the discovery requests at issue are subject to the attorney client privilege or the attorney work product doctrine, Plaintiff must provide Defendant with a privilege log that complies with the requirements of Federal Rule of Civil Procedure 26(b)(5) within ten (10) days of entry of this Order. The failure to provide a privilege log that complies with the Federal Rules will result in the Court deeming Plaintiff to have waived any such privilege. If the Court later determines that documents were withheld without a reasonable basis for believing they were subject to the attorney client privilege or the attorney work product doctrine, the Court will impose monetary sanctions on Plaintiff and/or counsel for Plaintiff for each document unreasonably withheld.

(4) As Plaintiff has not filed a proper motion seeking the entry of a protective order, has not submitted a proposed protective order to the Court, and does not appear to have consulted with counsel for

Defendant in an attempt to present a consent protective order to this Court that would address many of Plaintiff's concerns regarding the potential disclosure of the information contained in the documents, the Court will place no further limitations on the use or disclosure of the documents at issue.

(5) Pursuant to Rule 37(a)(5) the Court **AWARDS** Defendant its reasonable expenses and attorney's fees in bringing the Motion to Compel as Plaintiff failed to demonstrate that her nondisclosure was substantially justified. Counsel for Plaintiff shall pay the costs of Defendant's expenses and attorney's fees in filing this motion. The Court **DIRECTS** the parties to Confer within ten (10) days of the entry of this Order in an attempt to determine the reasonable amount of these expenses. If the parties cannot agree as to the amount, Defendant shall file an accounting of its expenses, including attorney fees incurred as a result of the filing and presentation of the Motion to Compel, by **July 10, 2013**. Defendant should also submit affidavits setting forth the number of hours counsel reasonably expended filing the Motion to Compel, the hourly rate charged, and the prevailing market rate in the relevant community. See Robinson v. Equifax Information Servs., LLC, 560 F.3d 235, 243-244 (4th Cir. 2009);

<u>Neves v. Neves</u>, 637 F.Supp.2d 322, 340 (W.D.N.C. 2009) (Reidinger, J.).  The Plaintiff shall have until **July 18, 2013** to file specific objections to the expenses requested by Defendant.  The Court will then calculate the award of attorney fees by multiplying the number of reasonable hours expended by counsel times the reasonable hourly rate.  <u>Robinson</u>, 560 F.2d at 243.  In determining what constitutes a reasonable number of hours and rate, the Court shall consider:

(1)  the time and labor expended; (2)  the novelty and difficulty of the questions raised; (3)  the skill required to properly perform the legal services rendered; (4)  the attorney's opportunity costs in pressing the instant ligation; (5)  the customary fee for like work;  (6) the attorney's expectations at the outset of the litigation; (7)  the time limitations imposed by the client or circumstances; (8)  the amount in controversy and the results obtained; (9)  the experience, reputation and ability of the attorney; (10)  the undesirability of the case within the legal community in which the suit arose; (11)  the nature and length of the professional relationship between attorney and client; and (12)  attorneys fees awards in similar cases.  <u>Id.</u> at 243-44

(quoting Barber v. Kimbrell's Inc., 577 F.2d 216, 266 n. 28 (4th Cir. 1978).

Signed: June 18, 2013

Dennis L. Howell
United States Magistrate Judge